IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES CRAIG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case Number CIV-09-53-C |
| | ) |
| THE CITY OF HOBART, a municipal corporation; AARON KING; REX BROWN; CHRIS MASON; and RYAN CARTER, | ) ) ) ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

On March 13, 2007, Plaintiff was arrested by Defendants King, Brown, Mason, and Carter ("Officers"). Plaintiff argues this arrest was unconstitutional as it was made without warrant or probable cause. On that basis he filed this action pursuant to 42 U.S.C. § 1983, asserting his constitutional rights were violated by the arrest. Plaintiff also alleges various state law based torts from the arrest. According to Plaintiff, Defendant City of Hobart ("City") is responsible for the torts of its officers as they were acting in the course and scope of their employment at the time the officers arrested Plaintiff.

Defendants have filed a Special Appearance and Motion to Dismiss arguing Plaintiff has failed to state a claim for relief. Defendant Officers assert they are entitled to the defense of qualified immunity for Plaintiff's § 1983 claims and that certain of the tort claims are barred by the statute of limitations. Defendant City argues that to the extent Plaintiff alleges conduct by Defendant Officers that was outside the scope of their employment it has no

liability. Plaintiff objects to Defendants' motion arguing he has properly pleaded claims against each of them.

1.  Qualified Immunity

Plaintiff makes clear that he does not pursue any federal law based claim against Defendant City. Accordingly, the Court will only consider the viability of the claim as to Defendant Officers.

To Plaintiff's § 1983 claim Defendant Officers have asserted the defense of qualified immunity. "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Pearson v. Callahan, ___, U.S. ___, ___, 129 S.Ct. 808, 815 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). When the defense of qualified immunity is raised, the Court must determine whether the facts as alleged make out a violation of a constitutional right and whether that right was clearly established at the time of the violation. Saucier v. Katz, 533 U.S. 194, 201 (2001) (overruled in part by Pearson, ___ U.S. at ___, 129 S.Ct. at 818). In considering these elements, the Court should not dismiss the case unless the specific allegations in the complaint plausibly support a claim for relief. Choate v. Lemmings, 294 Fed.Appx. 386 (10th Cir. 2008). Defendant Officers focus heavily on the term "specific," arguing Plaintiff's claims use "boilerplate" language and it is impossible to tell who did what to whom.

According to Defendant Officers, the allegations in Plaintiff's Petition[1] assert that he was unconstitutionally arrested, without identifying which Defendant actually did the arresting. Defendant Officers further argue that the Petition fails to plead facts demonstrating whether the arrest was without a warrant because the warrant was defective or because one did not exist. Thus, Defendant Officers argue, Plaintiff's Petition is devoid of facts necessary to establish liability on any of the claims made.

Defendant Officer's arguments are well founded. The Tenth Circuit has made clear that although a heightened pleading standard does not apply, the proof requirements inherent in a § 1983 claim make failures of notice and plausibility more likely in those cases. <u>Robbins v. State</u>, 519 F.3d 1242, 1249 (10th Cir. 2008). <u>Robbins</u> recognized that the goals of the qualified immunity defense can only be met if the grounds on which the Plaintiff claims relief are clear. <u>Id.</u> In the absence of such clarity, "it would be impossible for the court to perform its function of determining, at an early stage in the litigation, whether the asserted claim is clearly established." <u>Id.</u> Here the broad language employed by Plaintiff simply fails to permit a meaningful determination of whether or not Defendants are entitled to qualified immunity. Because that determination must be made as early as possible, Plaintiff's claim must be amended. However, because an amendment may cure the defect, the Court will not dismiss at this time but order Plaintiff to file an amended complaint.

---

[1] Plaintiff originally filed this action in state court. Accordingly, the initiating pleading is properly referenced as a Petition. The Court will continue that designation throughout this Order for clarity.

2.  Statute of Limitations

Defendants argue that Plaintiff failed to file his claims for false arrest, assault, and battery within the time limits imposed by 12 Okla. Stat. 95(4). According to Defendants, Plaintiff alleges the wrongs occurred on March 13, 2007, yet Plaintiff did not file his Petition until December 5, 2008. Plaintiff fails to offer any response to Defendants' argument and the Court finds it well supported.

The factual allegations of the Petition establish that the alleged wrongs occurred on March 13, 2007. The filing stamp on Plaintiff's Petition clearly establishes that it was filed on December 5, 2008, or more than 15 months after the alleged wrongs. In pertinent part, 12 Okla. Stat. § 95(4) states:

> A. Civil actions other than for the recovery of real property can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:
> . . .
> 4. Within one (1) year: An action for libel, slander, assault, battery, malicious prosecution, or false imprisonment; an action upon a statute for penalty or forfeiture, except where the statute imposing it prescribes a different limitation.

Because Plaintiff's claims for false arrest,[2] assault, and battery were filed more than one year after they allegedly occurred, they are untimely and therefore must be dismissed. Thus, the only state law tort claim remaining is the allegation of trespass.

---

[2] See Bellflower v. Blackshere, 1955 OK 74 ¶12, 281 P.2d 423, 425 recognizing that the tort of false arrest carries a one year limitations period. See also Alsup v. Skaggs Drug Center, 1949 OK 136, ¶ 7, 223 P.2d 530, 533, recognizing no meaningful distinction between false arrest and false imprisonment.

3.  Good Faith

Defendant City argues that Plaintiff cannot prevail on the state law tort claims against it because under the Oklahoma Governmental Tort Claims Act ("OGTCA"), 51 Okla. Stat. §§ 151 et seq., a municipality may only be liable for acts done within the scope of employment.  According to Defendant City, the very nature of the acts pled against it preclude any finding that they occurred in the scope of employment.  While Defendant City's argument is well founded, the Court will not dismiss on that basis.  Rather, as noted above, the only tort claim that has been timely pursued is that for trespass.  Plaintiff's Petition fails to offer enough facts from which a claim for trespass could plausibly arise.  Thus, the trespass claim must be dismissed for failure to state a claim for relief.  In the event Plaintiff elects to pursue the trespass claim by filing an amended complaint, Defendant City may renew its motion attacking the viability of that claim in light of 51 Okla.Stat. §§ 152 and 153.

## CONCLUSION

For the reasons set forth herein, Defendants Special Appearance and Motion to Dismiss (Dkt. No. 1, Att. 3) is GRANTED.  Plaintiff's Petition is DISMISSED without prejudice.  To the extent Plaintiff wishes to pursue his claims further, he must file an Amended Complaint in conformance with the ruling herein within 10 days of the date of this Order.

IT IS SO ORDERED this 9th day of March, 2009.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge