IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

JAMES CRAIG,                          )
                                      )
                    Plaintiff,        )
                                      )
vs.                                   )     Case Number CIV-09-0053-C
                                      )
THE CITY OF HOBART, a municipal       )
corporation; AARON KING; REX          )
BROWN; CHRIS MASON; and RYAN          )
CARTER,                               )
                                      )
                    Defendants.       )

## MEMORANDUM OPINION AND ORDER

On September 11, 2009, Plaintiff filed an Amended Complaint asserting claims

pursuant to 42 U.S.C. § 1983 against Defendants King, Brown, Mason, and Carter (the

Officers).  Plaintiff also asserts a number of state law tort claims against both the Officers

and Defendant City of Hobart (the City).  Defendants filed the present Special Appearance

and Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(5) and (6).[1]

### BACKGROUND

On March 13, 2007, Plaintiff contends that the Officers came to his home and

proceeded to arrest him without a warrant.  According to Plaintiff, the Officers threatened

him with guns, tasers, and the use of force in order to effect the arrest.  The Officers forced

Plaintiff out of his home and handcuffed him.  Plaintiff claims that, in the process of forcing

---

[1] This is Defendants' second Motion to Dismiss.  The motion indicates that Defendants seek
dismissal pursuant to Rule 12(b)(4) instead of 12(b)(5).  However, they clarify in their Reply that,
because Plaintiff obtained a summons for the Officers but failed to serve them, their motion should
properly be made under Rule 12(b)(5).

him into a patrol car, the Officers each grabbed at him, threw him in the car, smashed his head against the top of the car, wrenched his back, and stomped on his leg until he put it in the car.  At that point, Plaintiff alleges that his nervous system shut down and he became a quadriplegic.  The Officers then entered Plaintiff's home without a warrant and without consent, searched the home and seized personal property.  Plaintiff contends that the Officers further manhandled him when they removed him from the patrol car.

## STANDARD OF REVIEW

"A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint."  5B Charles Alan Wright, et al., Federal Practice and Procedure § 1353 (3d ed.) (footnote omitted).  Once such a motion is made, plaintiffs bear the burden of demonstrating that they complied with all statutory and due process requirements.  Fisher v. Lynch, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008).  "The parties may submit affidavits and other documentary evidence for the Court's consideration, and plaintiff is entitled to the benefit of any factual doubt."  Id.

In considering a Rule 12(b)(6) motion to dismiss, the Court must accept the complaint as true and must construe all facts in the light most favorable to the Plaintiff.  Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996).  Consistent with the liberal pleading standards of Fed. R. Civ. P. 8(a)[2], a plaintiff need not plead detailed factual allegations, but

---

[2]   Fed. R. Civ. P. 8(a) provides that "A pleading that states a claim for relief must contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief." This has been interpreted to require the complaint to provide sufficient notice to the defendant regarding what the plaintiff is claiming and the grounds upon which the claim is made. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554-55 (007).

the face of the complaint must indicate a plausible right to relief that is not simply speculative. James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1273-74 (11th Cir. 2008). A complaint containing only conclusory allegations without any factual support will not survive a motion to dismiss. Briscoe v. LaHue, 663 F.2d 713, 723 (7th Cir. 1981). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp., 550 U.S. at 563.

## DISCUSSION

### 1. Insufficient Service of Process

Defendants argue that all of the claims against the Officers should be dismissed because Plaintiff has never properly served them. Rule 4(m) of the Federal Rules of Civil Procedure[3] provides that defendants must be served within 120 days after the complaint is filed, unless the plaintiff can demonstrate some good cause for the failure to properly effect service. Regardless of whether the 120-day window began when Plaintiff filed his original Petition in state court or when Defendants removed the case, it is clear that Plaintiff has not properly served the Officers within the time allotted.

This is not fatal to Plaintiff's claims against the Officers, however. The defense of insufficient service of process must be raised in either the answer or in a pre-answer motion

---

[3] The Federal Rules of Civil Procedure apply to civil cases once they are removed to federal court. Fed. R. Civ. P. 81(c)(1). Because Plaintiff never properly served the Officers prior to the date of removal, the sufficiency of service is appropriately considered under federal law.

or else it is waived.  <u>Federal Deposit Ins. Corp. v. Oaklawn Apartments</u>, 959 F.2d 170, 175 (10th Cir. 1992).  Here, Defendants collectively filed their first Motion to Dismiss prior to removal, arguing that certain claims were barred by the statute of limitations and that the Officers were entitled to qualified immunity.  Although the Notice of Removal indicated that the Officers had not been served with process, that defense was not raised in the first Motion to Dismiss.  The Officers contend that their defense of insufficient service of process was not ripe at the time they filed their Motion to Dismiss since Plaintiff still had approximately ninety days within which to effect proper service.  The Court finds this argument unpersuasive.  Even though Plaintiff could still have properly served the Officers, they were aware at the time they filed their Motion to Dismiss that they had not been properly served.  They were further aware that their failure to raise such a defense in either their answer or any pre-answer motions they filed would effectively waive it.  Therefore, the Court finds that the Officers' failure to raise any issues with respect to service of process in their first Motion to Dismiss constitutes a waiver of that defense.

## 2.  Statute of Limitations

Defendants contend that Plaintiff's state law tort claims against the Officers are barred by the statute of limitations.  As previously noted in the Court's Memorandum Opinion and Order granting Defendants' first Motion to Dismiss, the factual allegations of Plaintiff's original Petition establish that the alleged wrongs occurred on March 13, 2007.  Plaintiff's initial Petition was filed in state court on December 5, 2008, or more than 18 months after the alleged wrongs.  In pertinent part, 12 Okla. Stat. § 95(A)(4) states:

> A. Civil actions other than for the recovery of real property can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:
>
> . . .
>
> > 4. Within one (1) year:  An action for libel, slander, assault, battery, malicious prosecution, or false imprisonment; an action upon a statute for penalty or forfeiture, except where the statute imposing it prescribes a different limitation.

Because Plaintiff's claims for false arrest,[4] assault, and battery were filed more than one year after they allegedly occurred, they are untimely and therefore must be dismissed.  Thus, the only state law tort claim remaining against the Officers is the allegation of trespass.

### 3.  State Law Tort Claims Asserted Against the City[5]

The City contends that the state law tort claims asserted against it must be dismissed with prejudice.  Pursuant to the Oklahoma Governmental Tort Claims Act (the GTCA), 51 Okla. Stat. §§ 151 et seq., the state and its political subdivisions are not liable for the actions of employees acting outside the scope of their employment.  § 153(A).  The Act defines "scope of employment" to mean "performance by an employee acting in good faith within the duties of the employee's office or employment or of tasks lawfully assigned by a competent authority . . . ."  § 152(11).  The City argues that, because all of the tort claims

---

[4]  See Belflower v. Blackshere, 1955 OK 74 ¶ 12, 281 P.2d 423, 425, recognizing that the tort of false arrest carries a one year limitations period.  See also Alsup v. Skaggs Drug Ctr., 1949 OK 136, ¶ 7, 223 P.2d 530, 533, recognizing no meaningful distinction between false arrest and false imprisonment.

[5]  The GTCA requires that tort claims must be filed with the state within one year after the loss occurs.  51 Okla. Stat. 51 § 156(B).  Plaintiff presented his tort claims to the City on March 10, 2008, within one year of the actions of which he complains.  These claims are therefore not barred by the applicable statute of limitations.

asserted by Plaintiff against it are intentional torts, the Officers could not have been acting in good faith when they were allegedly committed. As a result, the City contends that it enjoys immunity from such claims.

Defendants have provided no authority for their assertion that municipalities are immune from all intentional tort claims under the GTCA. On the contrary, it appears that the Oklahoma Supreme Court recognizes that municipalities may be liable for certain intentional torts committed by employees acting within the scope of their employment. See Nail v. City of Henryetta, 1996 OK 12, ¶ 10 n.8, 911 P.2d 914, 917 n.8 (noting that, under a Florida tort claims act, "similar to Oklahoma's, a governmental entity is liable for all torts, negligent ones and intentional ones alike, unless they are committed outside of the course and scope of one's employment or unless the actor acted in bad faith or with a malicious manner."). Consequently, in order to determine whether the City is immune from Plaintiff's tort claims, it is necessary to consider the elements of each tort to determine whether bad faith must be proven to make out a prima facie case. Where such an element is required, then the Officers could not have been acting within the scope of employment at the time such torts were allegedly committed, and therefore the claims against the City must be dismissed.

**A. Trespass**

Under Oklahoma law,

[A] trespasser is one who enters upon the property of another without any right, lawful authority, or express or implied invitation, permission, or license, not in the performance of any duty to the owner or person in charge or on any business of such person, but merely for his own purposes, pleasure, or convenience, or out of curiosity.

<u>Williamson v. Fowler Toyota, Inc.</u>, 1998 OK 14, ¶ 15, 956 P.2d 858, 862. Trespass is considered an intentional tort because "it is required that there be an intent to do the act that results in the trespass." 75 Am. Jur. 2d Trespass § 5. "The controlling issue is the intent to complete the physical act, regardless if, in so acting, the actor did not intend to commit a trespass and acted in good faith." <u>Id.</u> (footnote omitted). Because a trespass does not require bad faith or malice, but instead can be committed in good faith, Plaintiff's trespass claim against the City will not be dismissed on this basis.[6]

## B. False Arrest

The tort of false arrest "is the unlawful restraint of an individual against his will." <u>Delong v. State ex rel. Okla. Dep't of Pub. Safety</u>, 1998 OK CIV APP 32, ¶ 5, 956 P.2d 937, 938 (internal citations omitted). When the unlawful detention is caused by an individual acting under authority of law, it gives rise to a claim for false arrest rather than false imprisonment. <u>King v. Okla. City</u>, No. CIV-06-1308-M, 2007 WL 1519014, at *1 n.4 (W.D. Okla. May 21, 2007). Under Oklahoma law, the only element required to maintain a false arrest claim is that the arrest was made without probable cause. <u>Gouskos v. Griffith</u>, 122

---

[6] Plaintiff's Amended Complaint also alleges a claim for the tort of unlawful entry. Neither party provided, nor has the Court been able to locate, any authority discussing such a common law tort. Because it appears that it is not viable under Oklahoma law, the Court will not consider the claim for unlawful entry.

F.App'x 965, 970 (10th Cir. 2005). Because such a tort could be committed in good faith,[7]

Plaintiff's claim for false arrest against the City will not be dismissed on this basis.

## C. Assault

Oklahoma follows the definition of assault as set forth in the Restatement (Second)

of Torts. See Brown v. Ford, 1995 OK 101 n.34, 905 P.2d 223, 229 n.34 (overruled on other

grounds).

> (1) An actor is subject to liability to another for assault if
> (a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and
> (b) the other is thereby put in such imminent apprehension.

Restatement (Second) of Torts § 21 (1965). Because this tort requires that the Officers

intend to cause a harmful or offensive contact, it is clear that it cannot be committed in good

faith. Therefore, Plaintiff's claim of assault against the City must be dismissed as a matter

of law.

## D. Battery

Oklahoma also follows the definition of battery as set forth in the Restatement

(Second) of Torts. See Brown, 1995 OK 101 n.34, 905 P.2d at 229 n.34.

_____

[7] Defendants contend that the lack of probable cause constitutes bad faith, relying on Parker v. City of Midwest City, 1993 OK 29, 850 P.2d 1065. There, the Oklahoma Supreme Court stated that "[m]alicious prosecution requires, as elements to be proven, lack of probable cause and malice. These two elements necessarily include some degree of bad faith." Id. at 1993 OK 29, ¶ 12, 850 P.2d at 1068 (internal citation omitted). In Parker, the city was exempt from the plaintiff's claim because malicious prosecution requires, as an element, that the defendant act maliciously. No such element exists in a claim for false arrest, however. It is clear to the Court that an officer, lacking probable cause, could still act in good faith in making the arrest.

An actor is subject to liability to another for battery if
>    (a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such contact, and
>    (b) a harmful contact with the person of the other directly or indirectly results.

Restatement (Second) of Torts § 13 (1965). Once again, such a tort cannot be committed in good faith, and Plaintiff's claim against the City must therefore be dismissed as a matter of law.

## 4. Collateral Estoppel[8]

### A. Relitigating Probable Cause

Defendants contend that Plaintiff is barred by the doctrine of collateral estoppel from litigating his claims of false arrest. According to Defendants, the issue of whether there was probable cause for Plaintiff's arrest was already decided at the preliminary hearing in the underlying state criminal proceeding. Because claims of false arrest depend upon a lack of probable cause, Defendants argue that Plaintiff's claims of false arrest, both under state tort law and as one of the bases for his § 1983 claim, may not proceed.

---

[8] In support of these assertions, Defendants have attached a number of documents to their Motion to Dismiss, most of which are certified copies of pleadings, transcripts, and court orders from the Plaintiff's criminal trial. Courts often take judicial notice when the defense of collateral estoppel is raised. See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp., 605 F.2d 1169, 1172 (10th Cir. 1979). The Tenth Circuit recognizes that "federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." Id. The Court finds that it is appropriate to take judicial notice of the records from Plaintiff's criminal trial in this instance. Further, doing so does not require that the Court convert Defendants' Motion to Dismiss into one for summary judgment. See Tal v. Hogan, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006).

Under Oklahoma law, the doctrine of collateral estoppel provides that:

> once a court has decided an issue of fact or law necessary to its judgment, the same parties or their privies may not relitigate the issue in a suit brought upon a different claim. . . . It operates to bar from relitigation both correct and erroneous resolutions of jurisdictional challenges but it cannot be made binding on anyone unless the party against whom the earlier decision is interposed had "full and fair opportunity" to litigate the critical issue in the earlier case.

Fent v. Okla. Natural Gas Co., a Div. of Oneok Inc., 1994 OK 108, ¶ 15, 898 P.2d 126, 133

(footnotes omitted).

According to the Oklahoma Supreme Court, "[a] finding of probable cause is inherent in an order binding over a defendant for trial." Christopher v. Circle K Convenience Stores, Inc., 1997 OK 27, ¶ 9, 937 P.2d 77, 79. The court further explained that "an order at preliminary hearing binding over the defendant for criminal trial precludes relitigation of the issue of probable cause in a subsequent civil suit for false arrest following acquittal." Id. at 1997 OK 27, ¶ 937 P.2d at 12, 937 P.2d at 79. As previously noted, under Oklahoma law, the only element required to maintain a false arrest claim is that the arrest was made without probable cause. Gouskos, 122 F.App'x at 970. Based on the transcript of the preliminary hearing provided by Defendants, it is clear that Plaintiff was bound over for trial after the judge determined that probable cause existed to believe that he committed the felony offense of cruelty to animals. Accordingly, because Plaintiff is estopped from contesting the existence of probable cause, his claim for false arrest, including any constitutional claim he asserts arising out of a claim of false arrest, fails as a matter of law.

## B. Relitigating Consent

Defendants also contend that Plaintiff is barred by the doctrine of collateral estoppel from relitigating his claims of trespass, illegal search, excessive force, and failure to provide medical care. According to Defendants, in the course of the underlying criminal trial, the state court determined that Plaintiff gave the Officers permission to enter his home and that this consent was not tainted by coercion or duress. As a result, Defendants argue that all of Plaintiff's claims that are premised on an illegal search are barred. Finally, because Plaintiff did not introduce any evidence during the criminal proceeding indicating that the Officers used excessive force on Plaintiff during the arrest or withheld medical treatment, even though he had the opportunity to do so, Defendants contend that he is now barred from making such claims.

During the course of the criminal proceedings against Plaintiff, he filed a motion to suppress arguing that he never validly consented to the Officers' entry of his home. (See Defs.' Mot., Dkt. No. 17, Ex. 12.) The state court held a hearing on this motion, among others, on August 27, 2008. (See Hr'g Tr., Dkt. No. 17, Ex. 23.) During this hearing, Plaintiff's attorney challenged the consent given by Plaintiff to Defendant Brown to search his home, arguing that it was obtained improperly. (See id. at 22:22-29:12; 54:17-55:21.) At the conclusion of the hearing, the judge ultimately ruled that Plaintiff validly consented to the search of his home and overruled the motion to suppress. (See id. at 63:3-5.)

In Searing v. Hayes, 684 F.2d 694 (10th Cir. 1982), the Tenth Circuit found that a § 1983 plaintiff, who challenged the legality of the search of his home in a criminal

prosecution in state court by way of a motion to suppress, could not relitigate the legality of the search in the later federal suit after his motion to suppress was denied. Id. at 697. According to the Court, the plaintiff had a full and fair opportunity to litigate the legality of the search, even though he did not meet the threshold requirements entitling him to a suppression hearing on the issue. Because the state court found that the search was legal, Plaintiff was collaterally estopped from relitigating the issue.

The Court finds the reasoning of Searing to be applicable to the present case.[9] Here, Plaintiff had the opportunity to litigate the validity of his consent, both in his motion to suppress and at the later hearing. The state court's determination that Plaintiff's consent was valid was necessary to its judgment on the motion to suppress. Therefore, the Court finds that Plaintiff is precluded from relitigating the issue of consent, which defeats all of his claims concerning the legality of the search. Accordingly, his Fourth Amendment illegal search claim and his trespass claim must be dismissed.

However, the Court does not find it appropriate to dismiss Plaintiff's claims for excessive force or failure to provide medical care. While the doctrine of res judicata "bars the parties from relitigating not only the adjudicated claim but also any theories or issues that were actually decided or *could have been* decided in that action," Wilson v. Kane, 1993 OK 65, ¶ 8, 852 P.2d 717, 722, collateral estoppel requires that the issue be actually litigated and

---

[9] Even though the Tenth Circuit applied federal law rather than Oklahoma law regarding collateral estoppel, the Court nevertheless finds the reasoning applicable, given the similarities between Oklahoma state and federal law on the issue. See Fulsom Constr. Co. Inc. v. U.S. Fidelity & Guar. Co., Nos. 03-6353, 04-6087, 2005 WL 2542860, at *3 (10th Cir. October 12, 2005).

necessary to the court's judgment.  See Isokariari v. Hillcrest Med. Ctr., 2001 OK CIV APP 116, ¶ 4, 33 P.3d 691, 693.  Neither of these issues were actually litigated at any stage during the state criminal proceedings, and they were not necessary to any of the court's decisions. Therefore, collateral estoppel cannot apply to preclude Plaintiff from now raising such issues.

## CONCLUSION

Defendants' Special Appearance and Motion to Dismiss (Dkt. No. 17) is GRANTED IN PART and DENIED IN PART.  Plaintiff's state tort claims against all Defendants are DISMISSED WITH PREJUDICE.  Plaintiff's Fourth Amendment search and seizure claim against the Officers is also DISMISSED WITH PREJUDICE.  The only claims that remain pending are Plaintiff's Fourth and Fourteenth Amendment claims against the Officers for excessive force and failure to provide medical care.  No claims remain pending against the City, and it is hereby dismissed as a defendant.

IT IS SO ORDERED this 24th day of February, 2010.

ROBIN J. CAUTHRON
United States District Judge